IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01683-MSK-CBS

WENDY FLORES,
COLTRANE DEWALT, and
RODNEY DEWALT, JR.,

        Plaintiffs,

v.

G.E. FINANCIAL,

        Defendant.

---

**ORDER ON PENDING MOTIONS**

---

THIS MATTER comes before the Court on the the following motions: (1) the Plaintiffs' motions to remand the case to state court **(#6, #10)**, to which the Defendant has responded **(#7,#12)**; (2) the Defendant's motion for an extension of time to file a reply **(#9)**, to which there is no response; and (3) the Defendant's motion to dismiss **(#3)**, to which the Plaintiffs have responded **(#5, #11)** and the Defendant has replied **(#9, #13)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Defendant invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,1332, and 1441(a), (b) and (c), 29 U.S.C. § 1132(e), Fed. R. Civ. P. 81(c), and D.C.COLO.LCivR 81.2.

## II.  Procedural Background

The Plaintiffs commenced this action in the Denver District Court.  Their Complaint is entitled "Suit for Stalking, Slander, Fraud, Misrepresentation, Misconduct, Intentional Infliction of Emotional Distress and Violation of HIPAA, Act 42 USC, Section 1302D-6."  Their claims stem from an alleged investigation conducted by the Defendant of their activities and personal information over the course of one year.

The Defendant removed the action to this Court, invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, as well as other statutes and rules.  The Notice of Removal states that Rodney DeWalt Sr. (the father of the Plaintiffs in this case) asserted "nearly identical claims" in a prior action and that the court in such case determined that the claims were subject to the Employee Retirement Income Security Act of 1974 ("ERISA").  The Defendant also asserts that there is diversity jurisdiction because the Plaintiffs are residents of Colorado, the Defendant is a Connecticut corporation with a principal place of business in Connecticut, and the amount in controversy exceeds $75,000.

## III.  Issues Presented

The Court must determine whether the action should be remanded to the state court.  If not, the Court must determine whether the Defendant should be given an extension of time to file a reply in support of its motion to dismiss, and whether the Plaintiffs' claims should be dismissed.

### IV.  Analysis

**A.  Motions to Remand (#6, #10)**

The Plaintiffs move to remand this action to the state court. They assert that their claims have no connection to any ERISA Plan.

The Defendant responds that because the acts complained of in the Complaint occurred in connection with the handling of Rodney DeWalt, Sr.'s ERISA benefit claim, the claims "relate to" an ERISA Plan and the Court has subject matter jurisdiction. The Defendant also contends that the Court has diversity jurisdiction.

The Defendant has pled sufficient facts to support diversity jurisdiction. Therefore, it is not appropriate to remand the case to state court.

**B.  Motion for Extension of Time (#9)**

The Defendant requests an extension of time to file a reply in support of its motion to dismiss. It states that it missed the September 26, 2005 deadline for filing a reply because defense counsel was out of town. The Plaintiffs did not respond to this motion. Subsequently, the Plaintiffs filed an amended response **(#11)** to the motion to dismiss.

Because there is no opposition to the motion for extension of time, and given the Plaintiffs' supplemental response to the motion to dismiss, the Court grants the motion for extension of time.

**C.  Motion to Dismiss**

The Defendant moves to dismiss the Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) the claims relate to an ERISA Plan and are therefore preempted; (2) the Plaintiffs lack standing to assert ERISA claims; and (3) the claims are barred under the

doctrine of *res judicata.* The Plaintiffs respond that their claims have no connection to an ERISA Plan and that they were not parties to any prior action involving the claims asserted here.

Under Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the Complaint as true and construes them in the light most favorable to the Plaintiffs. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiffs can allege no set of facts in support of their claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995). Because they are *pro se,* the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

All of the Defendant's arguments are premised upon its assertions that: (1) the claims asserted in this action are the same as those asserted by Rodney DeWalt, Sr., in a separate action, which another judge in this district found preempted by ERISA; and (2) although he is not named as a party in the caption, Rodney DeWalt, Sr. is a party to this action. Without looking at matters outside the record, the Court cannot determine whether there is an identity of claims or parties between this and another action. Because the motion is brought under Rule 12(b)(6), the Court declines to consider matters outside the record at this juncture. *See* MSK Civ. Practice Standard V.H.2.b.iii.

Therefore, the Court is limited to the allegations of the Complaint. Most of the allegations relate only to the named Plaintiffs, not to Rodney DeWalt, Sr. For instance, the Plaintiffs allege that the Defendant: (1) hired investigators who talked with the Plaintiffs' previous neighbors

about them for the purpose of obtaining unfavorable information; (2) hired other investigators who followed the Plaintiffs to their elementary school and work, and who video-recorded their activities for nearly one year; (3) tried to obtain the Plaintiffs' social security numbers; and (4) requested information regarding the Plaintiffs' medical prescriptions, physicians, and medical records.  Although Rodney DeWalt, Sr. has signed the Complaint "Pro Per for his minor children," there is no indication from the allegations in the Complaint that he is asserting claims on his own behalf.  Therefore, construing the allegations in the light most favorable to the Plaintiffs, the Court cannot conclude that the claims asserted in this action are the same as those asserted by Rodney DeWalt, Sr. on his own behalf in another action.

The Court also notes that given the type of preemption at issue – conflict preemption, as opposed to complete preemption – the Defendant's argument that the Plaintiff's claims are preempted is constrained in view of the type of claims asserted.  Indeed, it is obvious from the Defendant's motion that it has not made this distinction.

The Tenth Circuit explained the difference between conflict preemption and complete preemption in *Felix v. Lucent Technologies, Inc.,* 387 F.3d 1146 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2961 (2005).  Conflict preemption arises under § 514 of ERISA, 29 U.S.C. § 1144(a), when a state law claim relates to an employee benefit plan.  In contrast, complete preemption arises when an individual who could have brought a claim for benefits under ERISA instead chooses to assert state law claims.

Here, the parties agree that the Plaintiffs cannot assert – and have not asserted – claims to recover benefits under ERISA.  Therefore, their claims do not fall under the doctrine of complete

5

preemption. The only type of preemption which could apply is conflict preemption.[1]

With regard to conflict preemption, the issue is one of relatedness between the state law claim and the ERISA Plan. "Claims that do not 'affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' are not preempted." *See David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126 (10th Cir. 2005). Claims which affect one or more plan entities and an outside party also are not preempted. *See id.*

Here, there are no allegations which suggest that the Plaintiffs' claims affect relations among the principal ERISA entities, the employer, the Plan, the Plan fiduciaries and the beneficiaries. Therefore, construing the allegations in the Complaint most favorably to the Plaintiffs, the Court cannot conclude that the Plaintiffs' claims are preempted under the doctrine of conflict preemption.

Because two of the Plaintiffs are minor children and Rodney DeWalt, Sr. signed the Complaint on their behalf, it is necessary to amend the caption. All future filings shall name Rodney DeWalt, Sr. as a Plaintiff asserting claims on behalf of his minor children, Coltrane DeWalt and Rodney DeWalt, Jr.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiffs' motions to remand **(#6, #10)** are **DENIED**.

(2) The Defendant's motion for an extension of time **(#9)** is **GRANTED**.

(3) The Defendant's motion to dismiss **(#3)** is **DENIED**.

---

[1] According to *Felix*, state law claims which are subject only to conflict preemption, and not complete preemption, cannot be removed to federal court as federal claims. Therefore, the Court cannot construe the Plaintiffs' claims as federal claims supporting subject matter jurisdiction under 28 U.S.C. § 1331.

(4)     The caption shall be amended to reflect that Rodney DeWalt, Sr. is a Plaintiff asserting claims on behalf of his minor children, Coltrane DeWalt and Rodney DeWalt, Jr.

Dated this 7th day of November, 2005.

                **BY THE COURT:**

                */s/ Marcia S. Krieger*

                Marcia S. Krieger
                United States District Judge