IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01683-MSK-CBS

WENDY FLORES, and
RODNEY DEWALT, SR., as next friend of minors Coltrane DeWalt and Rodney DeWalt, Jr.,[1]
    Plaintiffs,
v.

G. E. FINANCIAL,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    Pursuant to the November 7, 2005 Order of Reference (doc. # 15), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine any pretrial matter. . . ." Plaintiffs filed this civil action *pro se* on August 16, 2005 in state court. The action was removed to federal court on August 30, 2005. All Plaintiffs reside in Colorado. Two of the Plaintiffs are minors. This civil action is currently set for a 3-day trial to a jury commencing on March 5, 2007. The discovery cutoff is June 30, 2006, the dispositive motions deadline is July 31, 2006, and the Final Pretrial Conference is set on December 8, 2006. (*See* Scheduling Order filed May 2, 2006 (doc. # 34)).

    The Magistrate Judge held a scheduling and status conference on February 23, 2006. Counsel for Defendant appeared in person and via telephone. Plaintiff Rodney DeWalt, Sr. appeared in person. Plaintiffs Wendy Flores, Coltrane DeWalt (a minor), and Rodney DeWalt, Jr. (a minor) did not appear. The court advised Mr. DeWalt, Sr. that,

1

while the adult Plaintiffs may proceed *pro se*, the minor children cannot proceed *pro se*, cannot be represented by their parents, and must be represented by counsel, citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney) and *Oltremari by McDaniel v. Kansas Social & Rehabilitative Service*, 871 F. Supp. 1331, 1332 (D. Kan. 1994) (noting that because the plaintiff was not a lawyer, she could not represent her minor child without an attorney because the right to counsel belongs to the child and the parent is powerless to waive it). The court further advised Mr. DeWalt, Sr. that the claims of the minor children may be dismissed if counsel does not promptly enter an appearance on the behalf of the minor Plaintiffs. Mr. DeWalt, Sr. advised the court that he anticipated consulting an attorney.

This case again came before Magistrate Judge Shaffer on May 2, 2006 for a scheduling conference. Counsel for Defendant appeared via telephone. Plaintiffs Wendy Flores and Rodney DeWalt, Sr. appeared in person. One of the two minor Plaintiffs appeared in person. When the court inquired regarding counsel for the minor Plaintiffs, Mr. DeWalt, Sr. indicated that counsel has not entered an appearance on behalf of the two minor Plaintiffs and that he wishes to dismiss the two minor Plaintiffs from the case.

Accordingly,

**IT IS RECOMMENDED** that the two minor Plaintiffs, Coltrane DeWalt and Rodney DeWalt, Jr., be dismissed as parties in this civil action at the request of their father, Plaintiff Rodney DeWalt, Sr., and because they cannot proceed without representation of

counsel.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

1.      On November 7, 2005, District Judge Krieger ordered that the caption "be amended to reflect that Rodney DeWalt, Sr. is a Plaintiff asserting claims on behalf of his minor children, Coltrane DeWalt and Rodney DeWalt, Jr." (*See* doc. # 14 at p. 7).